IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    1:13CV796
                                  )
SCOTTISH FOOD SYSTEMS, INC.,      )
doing business as KENTUCKY        )
FRIED CHICKEN, and                )
LAURINBURG KFC TAKE HOME, INC.,   )
doing business as KENTUCKY        )
FRIED CHICKEN,                    )
                                  )
            Defendants.           )
```

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. The Commission's complaint alleged that Defendants Scottish Food Systems, Inc., d/b/a Kentucky Fried Chicken, and Laurinburg KFC Take Home, Inc., d/b/a Kentucky Fried Chicken (collectively, "Defendants") discriminated against Sheila Silver in violation of Title VII when they failed to accommodate her sincerely held religious beliefs and discharged

her because of her religion, Pentecostal. Defendants deny they discriminated against Sheila Silver in violation of Title VII. The Commission does not disavow the allegations in its Complaint.

The Commission and Defendants hereby stipulate to the jurisdiction of the court over the parties and agree that the subject matter of this action is properly before the court.

The Parties have advised this court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this court, made on the pleadings and the record as a whole, that: (1) the court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendants shall not discriminate against any person on the basis of religion, including by failing to provide a reasonable accommodation, or any other protected category within the meaning of Title VII.

2. Defendants shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendants shall pay Sheila Silver the sum of Forty Thousand and no 100s Dollars ($40,000.00) in settlement of the claims raised in this action. Defendants shall make payment by issuing a check payable to Sheila Silver. Payment shall be made within fifteen (15) days after the court approves this Consent Decree, and Defendants shall mail the check to Sheila Silver at an address provided by the Commission. Within ten (10) days after payment has been sent, Defendants shall send to the Commission a copy of the check and proof of its delivery to Sheila Silver. Neither the Commission nor Defendants make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Sheila Silver may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Decree by the court, Defendants shall eliminate from the employment records of Sheila Silver any and all documents, entries, or

references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2013-01569 and the related events that occurred thereafter.  Additionally, within ten (10) days of the entry of this Consent Decree by the court, Defendants shall change all references in their personnel records for Sheila Silver from "terminated" to "voluntarily resigned."  This paragraph does not preclude Defendants from maintaining a separate confidential file containing information concerning Sheila Silver and the facts and circumstances which led to the filing of EEOC Charge Number 433-2013-01569 for purposes of monitoring compliance with this Consent Decree so long as this separate confidential file is only accessible by Defendants' President and Human Resources Department.  Within fifteen (15) days of the entry of this Decree by the court, Defendants shall report compliance with this provision to the EEOC.

    5.   Defendants shall provide Sheila Silver with a positive letter of reference using the form attached hereto as Exhibit A.  Within ten (10) days of the entry of this Consent Decree by the court, the original, signed letter of reference shall be provided to Sheila Silver at an address provided by the Commission.  Sheila Silver is free to disseminate the letter to potential employers.  Defendants agree that if they receive any

- 4 -

inquiry about Sheila Silver from a potential employer, they will provide only the information set forth in the letter of reference in response.

6. Within ninety (90) days of the entry of this Decree by the court, Defendants shall adopt, implement, and distribute a formal, written anti-discrimination and religious accommodation policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendants' obligation to provide accommodation for sincerely held religious beliefs; procedures for employees to request religious accommodation; procedures for considering employees' request for religious accommodation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendants shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one hundred (100) days of the entry of this Decree, Defendants shall report compliance to the Commission. During the term of this Decree, Defendants shall distribute the policy to all new employees and review it with them at the time of hire.

7.  During the term of this Decree, Defendants shall post a copy of the policy described in paragraph 6, supra, in all of their facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendants will replace it by posting another copy of the policy.  Within one hundred (100) days after the Consent Decree is entered, Defendants will post the policy and notify the Commission that it has been posted.

8.  During the term of this Decree, Defendants shall provide an annual training program to all of their managers, supervisors, and anyone whose job duties include: making hiring and discharge decisions; acting on requests for reasonable accommodations under Title VII; receiving and investigating complaints of discrimination; and/or making decisions regarding preventative and corrective actions as a result of discrimination investigations.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against religious discrimination and retaliation in the workplace.  Each training program shall also include an explanation of Defendants' policy referenced in paragraph 6, supra, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Decree by the court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendants shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendants shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the court, and continuing throughout the term of this Decree, Defendants shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities in Rocky Mount, North Carolina and Roanoke Rapids, North Carolina. If the Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month

intervals, with the first being due four (4) months after approval by the court of this Decree. The reports will include the following information:

  A. the identities of all applicants or employees who have requested accommodation based on religion at Defendants' facilities, including by way of identification, each person's name, address, telephone number, position, and social security number;

  B. for each individual identified in 10.A. above, identify the specific accommodation requested, the date of the requested accommodation, and Defendants' response to the request;

  C. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) after the individual's request for religious accommodation; and

  D. for each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

  11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendants' facilities, interview employees and examine and copy documents.

- 8 -

Case 1:13-cv-00796-WO-JLW   Document 14   Filed 04/25/14   Page 8 of 13

12. If anytime during the term of this Decree, the Commission believes that Defendants are in violation of the Decree, the Commission shall give notice of the alleged violation to Defendants. Defendants shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for three (3) years from its entry by the court.

14. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent by email to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This the 25th day of April, 2014.

                              /s/ William L. Osteen, Jr.
                              United States District Judge

The parties jointly request that the court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISION, Plaintiff** | **SCOTTISH FOOD SYSTEMS, INC., d/b/a Kentucky Fried Chicken and LAURINBURG KFC TAKE HOME, INC. d/b/a Kentucky Fried Chicken, Defendants** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISION,**
**Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES
Regional Attorney (NC Bar No. 19732)
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
lynette.barnes@eeoc.gov

**SCOTTISH FOOD SYSTEMS, INC., d/b/a Kentucky Fried Chicken and LAURINBURG KFC TAKE HOME, INC. d/b/a Kentucky Fried Chicken, Defendants**

**/s/ Wade E. Ballard**
Wade E. Ballard
Ford Harrison LLP
100 Dunbar Street, Suite 300
Spartanburg, South Carolina 29304
wballard@fordharrison.com
Phone: (864) 699-1100
Fax: (864) 699-1101
N.C. State Bar No. 10239

*Attorney for Defendant*

**/s/ Randall D. Huggins**
Randall D. Huggins
Supervisory Trial Attorney
(OK Bar No. 17875)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: 704.954.6470
Fax: 704.954.6412
E-mail: randall.huggins@eeoc.gov

*Attorney for Plaintiff*

# EXHIBIT A

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Sheila Silver.

Ms. Silver was employed by Scottish Food Systems, Inc. and Laurinburg KFC Take Home, Inc. from [start date] to [last date of employment]. During her tenure with us, Ms. Silver held the position of [position]. Her ending salary was $_____ per hour.

Ms. Silver was an honest and reliable employee who possesses excellent skills. Indeed, we valued Ms. Silver's services to the company.

We hope that this information about Ms. Silver is helpful to you in considering her for employment.

Sincerely,


[Typed name of company representative]
[position]
Scottish Food Systems, Inc.
Laurinburg KFC Take Home, Inc.

**EXHIBIT B**



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Scottish Food Systems, Inc. and Laurinburg KFC Take Home, Inc. in a case of discrimination based on religion. Specifically, the EEOC alleged that Scottish Food Systems, Inc. and Laurinburg KFC Take Home, Inc. discriminated against Sheila Silver when they refused to accommodate Silver's religious beliefs and discharged her because of her religion in violation of the Title VII of the Civil Rights Act of 1964 (Title VII). As part of the settlement, Scottish Food Systems, Inc. and Laurinburg KFC Take Home, Inc. agreed to pay monetary damages to the aggrieved party and to take other action set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability.

3. Scottish Food Systems, Inc. and Laurinburg KFC Take Home, Inc. will comply with such federal law in all respects. Furthermore, Scottish Food Systems, Inc. and Laurinburg KFC Take Home, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least - three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2016.